UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| GREG MacRENARIS; ALL OTHER CITIZENS OF THE STATE OF NEVADA,<br><br>Plaintiffs,<br><br>vs.<br><br>SIERRA PACIFIC POWER CO., a Nevada Corporation; UNIVERSITY OF NEVADA, a quasi-governmental corporation; GARDNER ENGINEERING, a Nevada Corporation; JAMES GARDNER, an individual; SIEMENS BUILDING TECHNOLOGIES, INC., a corporation; e-three, a corporation,<br><br>Defendants. | CV-N-05-0257-LRH (VPC)<br><br>ORDER |

The Court is currently faced with a collection of motions for a more definite statement, motions to dismiss, and motions for summary judgment. Defendants Sierra Pacific Power Company ("SPPC"); University of Nevada ("UN"); Gardner Engineering ("GE"); James Gardner ("Gardner"); Siemens Building Technologies, Incorporated ("Siemens"); and e-three (collectively, "Defendants") have all filed motions to dismiss and, in the alternative, motions for a more definite statement (Docket Nos. 15, 17, 18 and 20) regarding Plaintiff Greg MacRenaris' complaint (Docket No. 2). Siemens has joined in GE and UN's motions (Docket Nos. 21 and 33). Plaintiff has opposed each of these motions and, at the same time, filed for summary judgment against Defendants (Docket Nos. 25, 26, 27, and 28). Defendants, excepting SPPC and e-three, have replied to Plaintiff's oppositions (Docket Nos. 30, 32, and 34). Plaintiff has filed rebuttals to Defendants' replies (Docket Nos. 39, 40, and 42). In addition, Defendants have

1  opposed Plaintiff's motions for summary judgment (Docket Nos. 29, 31, 36, and 43) to which
2  Plaintiff has filed "rebuttals" (Docket No. 41 and 42).  Finally, before the Court are Plaintiff's
3  "Objection to Minute Order by Incompetent Magistrate Judge" (Docket No. 46), "Denial of
4  Permission for Magistrate Judge Valerie P. Cooke to Preside" (Docket No. 47), and "Notice of
5  Misrepresentation of the Record" (Docket No. 48).
6       The Court has carefully reviewed all the relevant pleadings, arguments and case citations.
7  As many arguments overlap, the Court takes a holistic view of this case as it makes the following
8  disposition:

## FACTUAL AND PROCEDURAL BACKGROUND

10      While this case is in its procedural infancy, the underlying complaint alleged by Plaintiff
11 has arisen out of a fourteen year campaign to uncover what Plaintiff believes to be illegal and
12 immoral business practices of Defendant UN and the companies with which it contracts.  It
13 appears that Plaintiff, after losing out on certain contracts over a decade ago, came to believe that
14 he had not been awarded the contracts because of improper bidding practices.  Plaintiff then
15 sought to uncover these alleged illegal acts.  In the fourteen years Plaintiff has been pursuing this
16 matter, he has contacted local district attorney's offices, local regulatory boards and state and
17 local politicians.  While generally stymied in his quest, Plaintiff claims his perseverance led to an
18 audit of Defendant UN that proved it had been violating many state laws when it came to its
19 competitive bidding process for public works.
20      Plaintiff has now moved his efforts into the federal courts, filing a lawsuit claiming
21 constitutional injury based on Defendants actions.  However, it appears Plaintiff has not been
22 pleased with the procedures of the federal system, as he has insisted that an earlier judge recuse
23 himself from the case and objected to Magistrate Judge Valerie Cooke hearing any matters
24 relating to this case.  The Court is now faced with sorting out the objections to Magistrate Judge
25 Cooke, as well as the motions to dismiss, motions for a more definite statement and motions for
26 summary judgment that have been filed in this case.
27 ///
28 ///

## LEGAL STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support her pleadings. *See, e.g., In re Glen Fed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994). Therefore, for the purpose of the motion, the Court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986) (citing *North Star International v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983)). Dismissal is warranted only if it appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *See id*.

## DISCUSSION

The Court has carefully sifted through the many filings presently before it, attempting to understand the gravamen of not only Plaintiff's complaint but his arguments opposing dismissal and seeking summary judgment as well. While the Court has come to understand the premise behind Plaintiff's complaint and argument, the difficulties encountered in following Plaintiff's legal prose reminds the Court of Alexander Pope's *An Essay on Criticism*, where he wrote:

> A little learning is a dang'rous thing;
> Drink deep, or taste not the Pierian spring:
> There shallow draughts intoxicate the brain,
> And drinking largely sobers us again.

RPO – Alexander Pope: *An Essay on Criticism*: Part 2, line 215-218, http://eir.library.utoronto.ca/rpo/display/poem1635.html (last visited Nov. 2, 2005).

The Court, however, is aware that Plaintiff is proceeding *pro se*, and is sympathetic to the difficulties that can be encountered by a litigant unfamiliar with the process and procedure of the federal courts. Accordingly, the Court will construe Plaintiff's pleadings liberally, *see e.g., Morrison v. Hall*, 262 F.3d 896, 899, n.2 (9th Cir.2001), and will only dismiss when it appears that there are no set of facts that could exist which would warrant relief. *NL Indus., Inc.*, 792 F.2d at 898.

///

     *1.     Magistrate Judge Cooke's Authority*

The Court begins this legal *CliffsNotes* session with a look at the authority of Magistrate Judge Cooke. Plaintiff has objected to Magistrate Judge Cooke's orders and authority, claiming she "is an imposter in the instant case and has no legal, lawful or Constitutional authority to issue any order of any kind and is judicially incompetent to issue any order of any kind in the instant action." (Pl.'s Objection to Min. Order by Incompetent Magistrate Judge 1-2). In addition, Plaintiff has attempted to deny Magistrate Judge Cooke permission to preside over any matters in the instant case claiming that Magistrate Judge Cooke is in fact an administrate judge required to be provided permission by the parties to hear any matters. (Pl.'s Den. of Permission for Magistrate Judge Valerie P. Cooke to Preside 2).

The Court first notes that notwithstanding any provision of law to the contrary:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). None of the exceptions listed apply to the orders to which Plaintiff objects. The consent of the parties for a Magistrate Judge to hear their case only applies when the parties wish to request that the Magistrate Judge enter judgment in a jury or non-jury civil matter. 28 U.S.C. § 636(c)(1). This latter provision does not preclude the Magistrate Judge from performing her duties under section 636(b)(1)(A), as Plaintiff claims.

In the District of Nevada, Magistrate Judges have been given powers, as required by section 636(b)(4), to exercise control over pretrial matters, including pretrial conferences like the one objected to by Plaintiff, and to supervise the Court's calendar. *See*, LR IB 1-1(a); 1-3; 1-9(a) and (b). None of the minute orders entered by Magistrate Judge Cooke in this case run afoul of the powers granted to her by section 636 of the United States Code or any of the local rules of this district. Further, Magistrate Judge Cooke does not need the consent of the parties to preside over the issues before her in this case as she is not being requested to enter a judgment in this

4

case. Accordingly, Plaintiff's objections to Magistrate Judge Cooke and her orders will be overruled.

### 2. *Plaintiff's Motions for Summary Judgment*

Plaintiff has moved for summary judgment against each defendant. It is Plaintiff's contention in each of his motions for summary judgment that Defendants have entered a *de facto* admission to his allegations by not denying them in their responsive pleadings within 20 days of receiving the complaint. *See* Fed.R.Civ.P. 8(d); 12(a)(1)(A). While the rules cited by Plaintiff stand for the proposition on which he relies, Plaintiff has apparently lost the forest for the trees when combing through this legal thicket.

To clarify the process misunderstood by Plaintiff, the Court focuses on Federal Rule of Civil Procedure 12. Rule 12(a)(1)(A) provides that an answer to a complaint shall be served within 20 days of receiving the complaint. An answer is considered a responsive pleading and a faulty answer invokes Rule 8(d), cited by Plaintiff, when proper denials are not made. However, when a motion permitted by Rule 12 is properly filed, the time frame regarding when an answer is due is altered as follows:

> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice fo the court's action; or
> (B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

Fed.R.Civ.P. 12(a)(4)(A) and (B). The question then becomes: What motions are permitted under Rule 12?

The most widely known motions permitted under Rule 12 are the 12(b) motions; leading all, of course, is the oft invoked 12(b)(6) motion. The seven 12(b) motions seek to dismiss claims for (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim for which relief can be granted; and (7) failure to join a necessary party. These motions are not considered to be responsive pleadings and, in fact, are permitted to be raised by motion prior to filing a responsive pleading. *See* Fed.R.Civ.P. 12(b).

Although other motions are permitted by Rule 12, only one other is relevant to this discussion - the 12(e) Motion for a More Definite Statement. This Rule states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e). This motion, like those permitted under Rule 12(b), is not considered to be a responsive pleading. Further, when a such a motion has been filed and it is read in conjunction with Rule 12(a)(4), the provisions of Rule 12(a)(1)(A) are overridden and no responsive pleading (e.g. answer) is due until 10 days after the motion has been decided or, in the case of a motion for a more definite statement, a more definite statement has been served.

In this case, despite Plaintiff's allegations to the contrary, every defendant has filed a motion allowed under either Rule 12(b) or Rule 12(e). These motions are now before the Court and will be dealt with in the course of this order. However, because these motions were timely filed, no responsive pleading has come due and therefore failure to deny the allegations of the complaint cannot be considered a *de facto* admission. The final conclusion to be drawn from this lesson is that Plaintiff's motions for summary judgment are untimely, as the argument underlying them is based on rules of civil procedure that have not yet taken effect. As such, Plaintiff's motions for summary judgment will be denied without prejudice. Plaintiff may re-file for summary judgment if it becomes appropriate to do so later.

    *3.    Standing and the Motions to Dismiss*

The Court now comes to Defendants' motions to dismiss. The Court has reviewed the arguments presented by Defendants and finds that most are nothing more than complaints that Defendants are unable to understand the claims brought against them by Plaintiff. These complaints are not insignificant, and will be dealt with shortly. However, one issue raised by Defendant UN, and applicable to all claims on behalf of taxpaying citizens, needs to be discussed

in depth: standing.

Defendant UN argues that Plaintiff does not have standing under Article III's case and controversy requirements to sue in his own name or on behalf of the taxpaying citizens of Nevada for damages alleged to arise solely out of increased tax costs. Plaintiff has responded in a most interesting manner, claiming Defendant UN:

> fails to address the issue that there are no known Article III judge [sic] in this country and since there are no Article III judges, there must not be any Article III courts to house them. Also, to be noted, is that nowhere in the Complaint is there any mention by Plaintiffs of Article III issues. [Defendant UN] can wonder about whether it is confronting a court of chancery, a maritime court or an equity court but it can rest assured it is not in front of an Article III court or judge. A hint for counsel is that there is money involved.

(Pl.'s Objection to Mot. to Dismiss & Mot. for Summ. J. Under FRCP Rule 56 (Docket No. 27) at 13).

Despite Plaintiff's assurances to the contrary, the truth of the matter is that this Court is an Article III court, and is therefore restrained to hearing only cases and controversies as defined by the Supreme Court of the United States. To support this apparently obscure point, the Court turns to Article III of the Constitution of the United States. "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. 3, § 1. "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . under their Authority . . . [and ] to Controversies . . . between citizens of different states . . . ." U.S.Const. art. 3, § 2, cl. 1 (the Court has excluded references to maritime and chancery courts, where they exist, to clarify the Court's authority for Plaintiff).

While it pains the Court to admit this fact, the Court is truly an "inferior Court" that Congress has shown its wisdom to "ordain and establish." *See* 28 U.S.C. § 108 (ordaining this Court and establishing that "Nevada constitutes one judicial district. Court shall be held at Carson City, Elko, Las Vegas, Reno, Ely, and Lovelock."). In addition, this Court is confined to ruling only on actual cases and controversies, of which standing is an essential requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992) (noting first that the Constitution limits judicial review to "Cases" and "Controversies" before going on to note that the doctrine of

1  standing is a "landmark[ ] . . . serving to identify those disputes which are appropriately resolved
2  through the judicial process"). Accordingly, this Court has to inquire into Plaintiff's standing to
3  raise his claims and will need to dismiss those claims which Plaintiff has no standing to bring.

4      Standing requires proof of three elements: (1) an injury in fact which is concrete and
5  particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection
6  between the injury and the conduct complained of; and (3) a likelihood, as opposed to a mere
7  speculation, that the injury will be redressed by a favorable decision. *Id.* at 560-61. Failing to
8  prove any one element precludes a finding that a litigant has standing. In the present case, the
9  Court is concerned primarily with the first element's requirement of a concrete and particularized
10 injury in fact.

11     Plaintiff has sued in the name of "all taxpayers of Nevada," a very broad segment of the
12 population. In addition, Plaintiff has repeatedly made statements in his pleadings suggesting that
13 the true undercurrent of the present lawsuit is an attempt to recover damages for increased taxes
14 levied because of the higher contract prices entered into by Defendants without a proper
15 competitive bidding process in place. *See, e.g.*, Pl.'s Objection to Mot. to Dismiss & Mot. for
16 Summ. J. under FRCP Rule 56 (Docket No. 26) at 2 (arguing that the "property that has been
17 taken from the Plaintiffs comes in the form of taxes paid and funding for various construction
18 projects involving the defendants. The taking occurs when the defendants manipulate laws or
19 actively violate laws, codes, regulations, etc. . . "). The Court cannot conclude that such an
20 injury is particularized enough to confer standing on Plaintiff.

21     In *Lujan v. Defenders of Wildlife*, the Supreme Court faced a situation where a
22 Congressional statute had attempted to confer standing on all individuals to sue when it was
23 violated. In its discussion of the injury aspect of standing, the Supreme Court cited several cases[1]

---

[1] Cases cited by the Supreme Court include *Fairchild v. Hughes*, 258 U.S. 126 (1922) (dismissing case where the plaintiff asserted "only the right, possessed by every citizen, to require that the Government be administered according to law and that the public moneys be not wasted"); *Massachusetts v. Mellon*, 262 U.S. 447 (1923) (dismissing taxpayer suit where the complaint was "merely that officials of the executive department of the government are executing and will execute an act of Congress asserted to be unconstitutional"); *United States v.*

1  before reaching the conclusion that:

2        an injury amounting only to the alleged violation of a right to have the
3        Government act in accordance with law was not judicially cognizable because
      "assertion of a right to a particular kind of Government conduct, which the
      Government has violated by acting differently, cannot alone satisfy the
4        requirements of Art. III without draining those requirements of meaning."

5  504 U.S. at 575-76 (citing *Allen v. Wright*, 468 U.S. 737, 754 (1984); *Valley Forge Christian*

6  *College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 483

7  (1982)).

8        The reasoning underlying *Lujan* is perfectly appropriate to the case before this Court to

9  the extent that Plaintiff has sued on his behalf and on the behalf of all Nevada taxpayers for the

10 increase in taxes related to the improper bidding practices of Defendants.  Such a claim rests on

11 the premise that Defendants were obligated by law to follow certain procedures which

12 Defendants violated by acting differently.  Any claims resting on this premise fall directly in line

13 with *Lujan*.  As such, Plaintiff's claims on behalf of himself and all Nevada taxpayers that are

14 predicated on increased taxes due to violations of the laws of Nevada (and any alleged takings of

15 Plaintiff's or the citizens' property because of such taxes) are dismissed for lack of standing.

16       *4.    Motion for a More Definite Statement*

17       While the Court is fairly certain that Plaintiff's entire suit relied on the premise that his,

18 and all Nevadan's, property had been taken through increased taxes resulting from improper

19 business practices, the Court has dedicated itself to liberally construing Plaintiff's pleadings in an

20 attempt to fully consider all claims he may be attempting to bring.  Thus, while the Court

21 believes that the entire suit could be dismissed at this time, it cannot state so definitively because

22 Plaintiff's factual allegations contain a set of facts that at least hint he may have been

23 individually harmed.

24 ─────────────────────────────

25 *Richardson*, 418 U.S. 166 (1974) (dismissing taxpayer suit resting on generalized grievance
inconsistent with Article III "because the impact on [plaintiff] is plainly undifferentiated and
26 common to all members of the public") (internal quotations omitted); and *Schlesinger v.*
*Reservists Comm. to Stop the War*, 418 U.S. 208 (1974) (dismissing suit when challenged action
27 "standing alone, would adversely affect only the generalized interest of all citizens in
28 constitutional governance").  *Lujan*, 504 U.S. at 574-75 (pinpoint cites omitted).

1    Plaintiff was a contractor prior to embarking on his present crusade to uncover alleged
2 corruption. During that time Plaintiff bid on contracts offered by Defendant UN that were
3 apparently eventually awarded to other defendants because of Defendant UN's improper bidding
4 procedures. Provided that Plaintiff suffered injuries to himself that did not take the form of
5 increased taxes and provided Plaintiff's constitutional rights, or rights secured under the laws of
6 the United States, were violated because of this, Plaintiff may have a colorable claim. The
7 problem, however, is that Plaintiff's complaint is too vague and indefinite to allow the Court, or
8 any defendant for that matter, to determine whether this is the case.

9    Defendants have moved for a more definite statement, provided the Court does not
10 dismiss the entire lawsuit. The Court has concluded that in fairness to Plaintiff it should grant
11 him the opportunity to file a more definite statement of his case to allow for the possibility that
12 he has a viable claim. However, the Court feels it necessary to provide guidance to Plaintiff, as
13 his 34 page complaint and its 62 page attachment show that Plaintiff is not as adept at pleading
14 cases in federal court as needed to provide proper notice to Defendants.

15    Plaintiff is therefore ordered to file a more definite statement that comports to the
16 following requirements. First, Plaintiff is to cite no legal authority except that specifically
17 requested in these instructions. It is the underlying facts that are relevant to this Court at this
18 stage of the proceedings, not the number of cases Plaintiff can find to support his positions.
19 Second, Plaintiff is to list each claim individually. For each claim, Plaintiff needs to list which
20 Defendants are being sued under that particular claim. In addition, Plaintiff must list which
21 constitutional right or United States law was violated by Defendants' actions on that claim.
22 Further, Plaintiff must denote exactly what damages he suffered and should be aware that any
23 claim of increased taxes has already been dismissed. However, Plaintiff need not specify an
24 exact amount of damages unless he intends on proceeding under a diversity jurisdiction
25 argument. Finally, Plaintiff must give a short and precise factual explanation of how he was
26 injured, making sure to remember the first requirement that he cite no law. Plaintiff should
27 describe who did what, when and where.

28    Plaintiff will have twenty (20) days from the entry of this order to file with the Court his

1 more definite statement.  Upon service of Plaintiff's amended complaint, Defendants will have
2 10 days to renew their motions to dismiss or file a responsive pleading as contemplated by
3 Federal Rule of Civil Procedure 12(a)(4)(B).  Should Plaintiff fail to file a more definite
4 statement, the Court will strike the original complaint and dismiss the lawsuit.  *See* Fed.R.Civ.P.
5 12(e) (providing that if the "order of the court is not obeyed . . . within such other time as the
6 court may fix, the court may strike the pleading to which the motion was directed or make such
7 order as it deems just).

       *5.     Alleged Misrepresentation of the Record*

9        Finally, the Court reaches Plaintiff's allegation that Defendants have committed a fraud
10 upon the Court by misrepresenting the record when they attempted to file a joint discovery plan
11 and proposed scheduling order that Plaintiff did not agree to.  The Court notes that the proposed
12 plan and order was not adopted by Magistrate Judge Cooke because Plaintiff had not signed the
13 document as required.  Further, the Court notes that the parties were required to file the proposed
14 plan and order pursuant to Magistrate Judge Cooke's minute order of July 13, 2005 (Docket No.
15 44).

16        The Court has reviewed the proposed plan and order, as well as the circumstances leading
17 to its filing, and concludes that no fraud has been committed on the Court.  Defendants were
18 making a good faith effort to comply with Magistrate Judge Cooke's order in spite of the fact that
19 Plaintiff was not cooperating fully.  Filing the proposed plan and order without Plaintiff's
20 signature simply showed Magistrate Judge Cooke that the parties had attempted to comply with
21 her order.  No fraud could be committed on the Court because the proposed plan and order could
22 not be accepted without Plaintiff's signature at that time.  Accordingly, Plaintiff's notice of
23 misrepresentation of the record is dismissed.  Oral argument is not necessary.

**CONCLUSION**

25        It is therefore ORDERED that Plaintiff's objection to Magistrate Judge Cooke's order
26 (Docket No. 46) is DENIED;

27        It is further ORDERED that Plaintiff's denial of permission for Magistrate Judge Cooke
28 to preside over any aspect of his case (Docket No. 47) is OVERRULED;

1  It is further ORDERED that Plaintiff's motions for summary judgment (Docket Nos. 25, 26, 27 and 28) are DISMISSED without prejudice as untimely;

It is further ORDERED that Defendants' motions to dismiss (Docket Nos. 15, 17, 18 and 20) are GRANTED to the extent that all claims on behalf of all Nevada taxpayers, and on behalf of Plaintiff as an individual seeking damages for increased taxes resulting from Defendants' allegedly illegal actions, are dismissed;

It is further ORDERED that Defendants' motions for a more definite statement (Docket Nos. 15, 17, 18 and 20) are GRANTED;

Plaintiff has 20 days from the entry of this order to file and serve his more definite statement according to the requirements set out above. Should Plaintiff file the required statement, Defendants will have 10 days to file a responsive pleading or any appropriate motions. Should Plaintiff fail to file the required statement, the complaint will be stricken and the lawsuit dismissed.

It is further ORDERED that Plaintiff's notice of misrepresentation of the record (Docket No. 48) is DISMISSED.

DATED this __19th__ day of November, 2005.

_____
LARRY R. HICKS
United States District Judge